IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| NATIONAL ASSOCIATION FOR THE ADVANCEMENT OF COLORED PEOPLE, INC.<br>4805 Mt. Hope Drive<br>Baltimore, MD 21215<br><br>     Plaintiff,<br><br>v.<br><br>ERNEST L. JOHNSON<br>3313 Government Street<br>Baton Rouge, LA 70806<br><br>     Defendant. | Case No. _____ |

## COMPLAINT

Plaintiff National Association for the Advancement of Colored People, Inc. ("NAACP"), by and through its attorneys, as and for its Complaint against Defendant Ernest L. Johnson ("Defendant Johnson"), alleges as follows:

### PARTIES

1. The NAACP was, and is, at all times relevant to the instant lawsuit, a non-profit corporation organized under the laws of the State of Delaware with a principal place of business at 4805 Mt. Hope Drive, Baltimore, MD 21215.

2. Defendant Ernest L. Johnson is an individual and resident of the State of Louisiana.

### JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332, as both of the parties are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

1

4. This Court has personal jurisdiction over Defendant Johnson pursuant to Md. Code Ann., Cts. & Jud. Proc., § 6-103(b)(6), as Defendant's contractual obligation to indemnify the NAACP is required to be performed in Maryland.

5. The contract between the NAACP and Defendant Johnson, which is the subject matter of this dispute, further contains a forum and venue selection clause whereby the parties consented to personal jurisdiction of any state or federal court in Baltimore, Maryland, and agreed that any litigation concerning Defendant Johnson's indemnification obligations shall be brought in a state or federal court in Baltimore, Maryland.

6. Venue in this Court is proper pursuant to 28 U.S.C. § 1391(b)(2), as the substantial part of the events giving rise to the claim (namely the execution of the agreement in dispute) occurred in Maryland, and the agreement in dispute contains an exclusive venue provision calling for litigation in Baltimore, Maryland.

**FACTS**

7. The NAACP is a member organization whose membership spans throughout the United States.

8. The NAACP's mission is to achieve equity, political rights, and social inclusion by advancing policies and practices that expand human and civil rights, eliminate discrimination, and accelerate the well-being, education, and economic security of Black people and all persons of color.

9. In March 2019, the NAACP became recognized as a 501(c)(4) under the Internal Revenue Code.

10. The NAACP is comprised of duly organized State/State-Area Conferences, Branches, Prison Branches, College Chapters, Youth Councils, Junior Youth Councils, High

School Chapters, and Authorized Committees of the Association (hereinafter collectively referred to as "<u>Units</u>,"), that are chartered by the NAACP's Board of Directors and remain in good standing according to the policies and procedures determined by the NAACP's Board of Directors from time to time.

11. Each Unit is also a 501(c)(4) entity.

12. Each Unit is comprised of individual persons who are in accord with the principles and policies of the NAACP and meet certain conditions precedent ("<u>Members</u>").

13. Defendant Johnson is a currently-suspended lifetime member of the NAACP who served on the National Board of Directors from 2007 until February 2019.

I.   **The Constitution**

14. The constitution of the NAACP is the controlling document outlining the policy and procedures of the NAACP, as may be amended from time to time ("<u>Constitution</u>" or "<u>Contract</u>").  A true and correct copy of the Constitution in effect from March 2019 through January 1, 2025, is attached hereto as **Exhibit A**.

15. To become a Member, Defendant Johnson agreed:

   a. to abide by the rules and policies of the NAACP (including those set forth in the Constitution) and the decisions of the Board of Directors; and

   b. to pay the annual membership fee established by the Board of Directors….

Constitution, Article IV § 1.

16. All Members of the NAACP between March 2019 and March 2022, including Defendant Johnson, agreed to be bound by the following provision contained in the Constitution:

> **A member** or Unit **that commences any** external action, **suit, or proceeding against the Association or any Unit thereof, or against any director, officer, employee, or member of the Association** or any Unit thereof with respect to matters concerning the internal operations of the Association, **shall indemnify the**

**Association, the Unit, and all directors, officers, employees, and members of the Association and Unit for all costs and attorney fees incurred in connection with defending against such external action, suit, or proceeding, irrespective of the outcome of such action, suit, or proceeding**. In any action brought by the Association to recover such costs and attorney fees, **the member** or Unit involved **consents to the personal jurisdiction of any state or federal court in Baltimore, Maryland, and agrees that any litigation concerning the recovery of such costs and attorney fees shall be brought in a state or federal court in Baltimore, Maryland**.

Constitution, Article IV § 3(c) (emphasis added).

**II.    Defendant Johnson Commences Litigation Against the NAACP and Its President and CEO.**

17.    On September 24, 2021, Defendant Johnson filed a Petition for Writ of Quo Warranto against the NAACP and its President and Chief Executive Officer, Derrick Johnson ("President Johnson"), in the Nineteenth Judicial District Court in and for the Eastern Baton Rouge Parish, Louisiana, in the matter captioned *Johnson v. National Association for the Advancement of Colored People, Inc., et al.*, Dkt. No. C-71170322 ("Louisiana Action").

18.    For their defense, the NAACP and Derrick Johnson both filed an answer and opposition to Defendant Johnson's petition in the Louisiana Action.

19.    The NAACP and Derrick Johnson also raised a peremptory exception of prescription.

20.    On November 30, 2022, the parties participated in an evidentiary hearing based on the pleadings submitted by all parties.

21.    At the conclusion of the November 30, 2022, the trial court denied Defendant Johnson's petition.

22.    On December 15, 2022, the trial court issued a written judgment order dismissing the Louisiana Action with prejudice.

4

23.     The NAACP paid all of the defense costs for both the NAACP and President Johnson incurred in defending against the Louisiana Action.

### III.  Defendant Johnson Appeals the Louisiana Action

24.     Subsequent to the trial court's dismissal of the Louisiana Action, Defendant Johnson initiated an appeal of the trial court's dismissal of the Louisiana Action to the Louisiana Court of Appeals.  His appeal was captioned *Johnson v. National Association for the Advancement of Colored People, Inc., et al.*, Dkt. No. 2023-CA-0667 ("Louisiana Appeal").

25.     By written order dated December 14, 2023, the Louisiana Court of Appeals affirmed the trial court's dismissal of Defendant Johnson's appeal in favor of the NAACP and President Johnson ("Appellate Decision").  A true and correct copy of the Appellate Decision is attached hereto as **Exhibit B**.

26.     The Appellate Decision also ordered Defendant Johnson to pay all costs of the appeal.

27.     The NAACP paid all of the defense costs for both the NAACP and President Johnson incurred in defending against the Louisiana Appeal.

### IV.  The NAACP Demands Indemnification

28.     As of the date of this filing—more than two (2) years since the trial court dismissed the Louisiana Action, and more than eighteen (18) months since the Appellate Decision was issued—Defendant Johnson still has not reimbursed the NAACP for the costs and fees associated with defending both the NAACP and President Johnson against the Louisiana Action and the Louisiana Appeal.

29.     Accordingly, on August 27, 2025, the NAACP served Defendant Johnson with a letter demanding that he honor his contractual indemnification obligations pursuant to Article IV

§ 3(c) of the Constitution ("Demand for Indemnification"). A true and correct copy of the Demand for Indemnification is attached hereto as **Exhibit C**.

**V.     Defendant Johnson Breaches the Constitution**

30.    Despite being served with the Demand for Indemnification, Defendant Johnson has not indemnified the NAACP as required by the Constitution.

31.    Defendant Johnson has refused to honor his indemnification obligations.

**VI.    Damages**

32.    Because the NAACP is a corporation, by law it was required to retain counsel for representation in the Louisiana Action and Louisiana Appeal.

33.    In defending against the Louisiana Action and the Louisiana Appeal, the NAACP and Derrick Johnson incurred attorneys' fees and costs totaling $153,955.04.

34.    Attached hereto as **Exhibit D** is the affidavit of Anthony P. Ashton, Esq. NAACP's Senior Associate General Counsel, who reviewed, approved, and paid the invoices for attorneys' fees and costs incurred in connection with the NAACP's and President Johnson's defense of the Louisiana Action and Louisiana Appeal.

35.    The Louisiana Action was a suit or proceeding initiated by Defendant Johnson against the NAACP and President Johnson.

36.    The Louisiana Appeal was a suit or proceeding initiated by Defendant Johnson against the NAACP and President Johnson.

37.    The NAACP has incurred, and continues to incur, attorneys' fees and costs in pursuit of the indemnification contractually-owed by Defendant Johnson to the NAACP for the NAACP's defense and President Johnson's defense.

38.    The total damages sought by the NAACP exceed $75,000.

## COUNT I
### Breach of Contract
### (Contractual Indemnification)

39. The NAACP incorporates the allegations set forth in paragraphs 1 through 38 as if fully set forth herein.

40. The Constitution is a valid contract between the NAACP and its Members.

41. The NAACP fulfilled its obligations owed to Defendant Johnson under the Constitution.

42. Defendant Johnson breached the Agreement by refusing to indemnify the NAACP for all attorneys' fees and costs incurred with defending against the Louisiana Action and Louisiana Appeal which were initiated by Defendant Johnson.

43. Because of such breaches, Defendant Johnson is liable to the NAACP in connection with the various matters described in the paragraphs above.

WHEREFORE, the National Association for the Advancement of Colored People, Inc. respectfully prays that an award be made in its favor against Defendant Ernest L. Johnson for:

    a. Damages in an amount not less than One Hundred Fifty-Three Thousand Nine Hundred Fifty-Five Dollars and Four Cents ($153,955.04), plus interest at the applicable judgment interest rate prescribed by Md. Code Ann., Cts. & Jud. Proc., § 11-107; and

    b. Any such other and further relief as is deemed just and appropriate.

Dated: December 23, 2025                Respectfully submitted,

                                          **MINTZ, LEVIN, COHN, FERRIS,**
                                          **GLOVSKY and POPEO, P.C.**

                                          /s/ *Castell Abner, III*
                                          Michelle N. Lipkowitz
                                          Federal Bar No. 27188
                                          Castell Abner, III
                                          Federal Bar No. 22328
                                          555 12th Street, NW
                                          11th Floor
                                          Washington, DC 20004
                                          (202) 434-7300
                                          MNLipkowitz@Mintz.com
                                          CAbner@Mintz.com

                                          *Attorneys for Plaintiff the National Association for the Advancement of Colored People, Inc.*